O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON D. CAMACHO,<br><br>                Petitioner,<br><br>    vs.<br><br>DELA ROSA, Director of Institutional Facility,<br><br>                Respondent. | CASE NO. CV 09-05527 RSWL (RZ)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California, the undersigned submits this Report and Recommendation to the Honorable Ronald S. W. Lew, Senior United States District Judge. The undersigned recommends that the Court deny the Petition for Writ of Habeas Corpus and dismiss the action with prejudice.

**I.**

**BACKGROUND AND CLAIMS PRESENTED**

On January 29, 2008, a Los Angeles County Superior Court jury convicted Petitioner Ramon Camacho of two counts of carjacking (counts 1 and 3) and two counts of robbery (counts 2 and 4). The jury also found true an enhancement charge that Petitioner used a dangerous or deadly weapon (a knife) in the commission of counts 3 and

4. Petitioner was sentenced to a combined term of eleven years and eight months for the two counts of carjacking and the knife enhancement (nine years for count 1, one year and eight months for count 3, and an additional year for the enhancement on count 3). The sentence for counts 2 and 4 was stayed, as well as that for the second weapon use enhancement. See Clerk's Transcript (CT) 192-96; Reporter's Transcript (RT) 2723-25.

Petitioner appealed. On March 10, 2009, the California Court of Appeal affirmed in a published opinion. Lodgment 6; *People v. Camacho*, 171 Cal. App. 4th 1269, 90 Cal. Rptr. 3d 559 (Cal. App. 2d Dist. 2009). The California Supreme Court denied further direct review on June 10, 2009. *See* Lodgment 8.

Petitioner asserts that the court's clerical error of giving the jury the wrong verdict form, which listed count 2 as carjacking rather than second degree robbery, resulted in a violation of his double jeopardy and due process rights.

## II.
## STANDARD OF REVIEW

The Court assesses the Petition under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides in part:

> (d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>       (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254.

To resolve Petitioner's claims, the Court will examine the explicated decision of the California Court of Appeal rejecting them on direct review, *see* Lodgment 6, rather than the California Supreme Court's subsequent "silent" denial of further direct review. Lodgment 8. This is because "where there has been one reasoned state court judgment rejecting a federal claim, [federal habeas courts should presume that] later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991).

## III.
## THE CRIMES AND THE TRIAL

In affirming, the California Court of Appeal summarized the underlying factual findings. Petitioner has failed to rebut these findings with clear and convincing evidence. The findings therefore are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir. 2001) (presumption applies to findings of state appellate courts as well as trial courts). The California Court of Appeal summarized the facts of the case as follows:

> On January 1, 2007, [Ms. Trechell] Patton was waiting in [Ms. Shantal] Morris's car while Morris was on an errand. Defendant entered the car on the driver's side, holding a knife. Afraid for her safety, Patton stepped out of the car, gave defendant the car keys, and notified her sister. After a brief struggle with Morris, defendant and two associates drove away

in Morris's car with Patton's and Morris's belongings in it. Patton called 911. Shortly thereafter, the police apprehended defendant and his two associates in possession of Morris's car.

Lodgment 6 at 3; *People v. Camacho*, 171 Cal. App. 4th at 1273.

## IV.
## CLERICAL ERROR

### A. Trial Court Erred in Presenting Wrong Verdict Form to Jury

Petitioner alleges that a clerical error, made when the wrong verdict form for count two was given to the jury, entitles him to habeas relief. Throughout the trial, both counsel and the judge referred to the correct count two, second degree robbery. The jury instructions likewise were complete and accurate, enumerating the crimes as alleged during trial. CT 143. However, the jury was given a verdict form which listed carjacking as the second count, rather than the correct charge of second degree robbery. CT 160. The jury verdict, as read by the court's clerk, reflected this error, according to the Reporter's Transcript. RT 2408. The error was not reflected in the Clerk's Transcript, however, which lists the four counts correctly as filed on February 28, 2007, and which quotes the reading of the verdict of count 2 as second degree robbery. CT 164-65. The trial judge's detailed sentencing colloquy, in which the sentence for count two was stayed because it arose out of the same facts as count one, is clearly based on the correct second count. RT 2725.

### B. State Courts' Treatment

The California Court of Appeal dealt with this clerical error in the following manner:

///

///

1
2
3
4

Viewing the record as a whole, we conclude the jury's unmistakable intent was to convict defendant of robbery, as charged in count 2, and the clerical error in the verdict form was surplusage that may be disregarded.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

" ' "A verdict is to be given a reasonable intendment and be construed in light of the issues submitted to the jury and the instructions of the court." [Citations.]' [Citations.] 'The form of a verdict is immaterial provided the intention to convict of the crime charged is unmistakably expressed. [Citation.]' [Citation.]" (*People v. Jones* (1997) 58 Cal.App.4th 693, 710 [68 Cal. Rptr. 2d 506].) "[T]echnical defects in a verdict may be disregarded if the jury's intent to convict of a specified offense within the charges is unmistakably clear, and the accused's substantial rights suffered no prejudice. (§§ 1258, 1404; … .)" (*People v. Webster* (1991) 54 Cal.3d 411, 447 [285 Cal. Rptr. 31, 814 P.2d 1273], fn. omitted; see also Cal. Const., art. VI, § 13.) " 'There are innumerable authorities which declare that the form of the verdict is immaterial if the intention to convict of the crime charged is unmistakably expressed. [Citations.]' [Citations.] [¶] In *People v. Reddick* [(1959) 176 Cal.App.2d 806 [1 Cal. Rptr. 767]], the court stated: 'No particular form of verdict is required, so long as it clearly indicates the intention of the jury to find the defendant guilty of the offense with which he is charged. It is sufficient if it finds him guilty by reference to a specific count contained in the information. [Citations.]' ([*Id.* at p. 821].)" (*People v. Bratis* (1977) 73 Cal.App.3d 751, 763–764 [141 Cal. Rptr. 45]; accord, *People v. Escarcega* (1969) 273 Cal.App.2d 853, 858 [78 Cal. Rptr. 785] ["In giving

effect to the manifest intention of the jury, the clerical error will be disregarded."].) Where the error is in the recording of the judgment, as opposed to in the rendering of the judgment, it is clerical error which may be disregarded or corrected. (See *People v. Trotter* (1992) 7 Cal.App.4th 363, 370 [8 Cal. Rptr. 2d 648].)

We have no difficulty in determining the jury intended to find defendant guilty of second degree robbery of Morris as charged in count 2. This case was tried from start to finish with the understanding defendant was charged with two counts of carjacking and two counts of second degree robbery. Prior to jury selection, the trial court indicated its intent "to read the information verbatim" and there is no indication the trial court failed to do so. In his opening statement, the prosecutor informed the jury he would be seeking guilty verdicts for carjacking and robbery of both victims. The jury instruction on intent referred to "Robbery, as charged in Counts Two and Four" and "Carjacking as charged in Counts One and Three." The instruction on the elements of the charged offenses indicated "defendant is charged in Counts Two and Four" with robbery, and he was "charged in Counts One and Three" with carjacking.

*People v. Camacho*, 171 Cal. App. 4th 1269, at 1272-73 (2009).

///
///
///
///

# V.

# DOUBLE JEOPARDY AND DUE PROCESS

Petitioner alleges that the use of the wrong verdict form in error, as discussed above, subjected him to double jeopardy for the carjacking of Ms. Morris, and violated his due process rights.

### A.    Applicable Law

The Double Jeopardy Clause of the Fifth Amendment provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. CONST. AMEND. V.  The Fourteenth Amendment requires the states, not just the federal government, to uphold this guarantee. *Benton v. Maryland*, 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969).  The Double Jeopardy Clause "protects a criminal defendant from repeated prosecutions for the same offense." *Oregon v. Kennedy*, 456 U.S. 667, 671, 102 S. Ct. 2083, 72 L. Ed. 2d 416 (1982).  In a jury trial, "jeopardy attaches when the jury is empaneled and sworn." *Crist v. Bretz*, 437 U.S. 28, 29, 38, 98 S. Ct. 2156, 2157, 57 L. Ed. 2d 24 (1978).

The Due Process Clause found, as pertinent here, in the Fourteenth Amendment, assures that a state adhere to procedures it has set forth for its legal proceedings.

AEDPA requires a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).  This deference "demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002) (per curiam).

### B.    State Courts' Rejection

The state appellate court briefly addressed Petitioner's claim of exposure to double jeopardy as follows:

> [T]here is no uncertainty in the record on appeal as to the charge in count 2. The verdict finding defendant guilty in count 2 cannot be construed as an express acquittal of robbery in the face of a record unambiguously demonstrating the charge in count 2 was robbery and not carjacking. As defendant was not convicted in count 2 of carjacking, there was no violation of double jeopardy and due process.

*Camacho, supra,* 171 Cal. App. 4th at 1275.

### C. Analysis

The state courts did not misapply federal law in concluding that Petitioner had not suffered double jeopardy, nor was the state court determination an unreasonable determination of the facts. A single jury was empaneled. Evidence was presented of two counts of robbery and two counts of carjacking throughout the case (one count of each for each respective victim). From the opening statements through the jury instruction, the second count was enunciated as second degree robbery. The jury convicted on all counts, and the error was discovered before sentencing. At sentencing, Petitioner faced the correct charges, and the sentence for the second count, second degree robbery, was stayed by the trial judge.

It was only on the verdict form that the second count was mislabeled as carjacking. But the state court's determination that the verdict form error was harmless was a reasonable ruling. Where a state court makes an express finding of harmlessness, a habeas petitioner is entitled to relief only if he can show that the state court determination was objectively unreasonable pursuant to AEDPA standards, and that the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993); *Inthavong v.*

*Lamarque*, 420 F.3d 1055, 1059 (9th Cir. 2005). Petitioner can show neither. Had the error not occurred, Petitioner would not have obtained a better result.

Nor did the state court violate Petitioner's due process rights. As discussed in the appellate court opinion, under California law, it is the intent of the jury, not the physical verdict form, that is determinative. This Court is bound by the state courts' interpretation of state law. *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state court has the last word on the interpretation of state law."). The state court applying state law in a reasonable manner in no way infringes upon an individual's right to due process.

## VI.
## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court accept this Report, deny the Petition and enter Judgment dismissing the action with prejudice.

DATED: August 17, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

- 9 -